Brett J. Schreiber, Esq. (SBN 239707)
J. Domenic Martini, Esq. (SBN 324064)
SINGLETON SCHREIBER, LLP
450 A Street, 5th Floor
San Diego, California 92101
Tel: (619) 488-6699 Fax: (619) 488-6699
bschreiber@singletonschreiber.com
dmartini@singletonschreiber.com

Attorneys for Plaintiff Danny Warda

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Danny Warda,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>United States of America,<br><br>　　　　　Defendant. | Case No.: '22CV0987 W    BLM<br><br>**Unlimited Civil Case**<br><br>**COMPLAINT FOR:**<br><br>**(1) FTCA: Negligence** |

Danny Warda, by and through his attorney of record, state and allege as follows:

### I.　　Introduction & Parties

1.　　On July 29, 2019, Danny Warda (hereafter "Mr. Warda" and/or "Plaintiff") was lawfully traveling on his 2019 Yamaha motorcycle in South San Diego County. As he traveled southbound along Ocean View Hills Parkway Mr. Warda approached a red light at the intersection of Del Sol Blvd. He came to a complete stop as the first vehicle in the #1 travel lane.

2.　　At the same time, Mitchel Martinez an on-duty federal agent for U.S. Immigration and Customs Enforcement (hereafter "ICE"), was traveling southbound in the #1 travel lance of Ocean View Hills Parkway in his United States government

1 | issued black Chevy Silverado truck.  Mr. Martinez came to a stop behind Mr. Warda's
2 | motorcycle at the red light.

3 |     3.    As the traffic light turned green Mr. Martinez took his attention away
4 | from the roadway in front of him and collided with the back of Mr. Warda's
5 | motorcycle.  The force of the impact was such that tail section of Plaintiff's motorcycle
6 | became embedded into the front grill area of Mr. Martinez's government-issued
7 | Silverado truck.  Mr. Warda was thrust forward in the impact and fell off his
8 | motorcycle sustaining serious personal injuries.

9 |     4.    At all times relevant to this complaint, Mr. Warda was a resident of San
10 | Diego County.

11 |     5.    At all times relevant to this complaint, ICE was a federal agency of the
12 | defendant Unite States of America (hereafter "United States").  Mr. Martinez was an
13 | on-duty officer for ICE operating his government-issued vehicle, at all relevant times,
14 | acting within the full course and scope of his employment for the United States, with
15 | the full knowledge and consent, either express or implied, of the United States who
16 | both approved and ratified his action thereby making the United States liable for the
17 | negligent acts and/or omissions of its employee, Mr. Martinez.

## II.   Jurisdiction & Venue

19 |     6.    This Court has jurisdiction to hear this case pursuant to Title 28 U.S.C. §§
20 | 1332(a)(2) [Diversity] and 1346(b)(1) [United States as Defendant].  With respect to the
21 | claims stated herein based upon state law, this Court has supplemental jurisdiction.
22 | (See Title 28 U.S.C. 1367(a); *Allen v. City of Los Angeles* 92 F.3d 842, 945 (9th Cir. 1996).

23 |     7.    The Southern District of California is the proper venue because the acts
24 | and omissions alleged herein occurred in San Diego, California, which is located within
25 | the Southern District of California. (See Title 28 U.S.C. §§1391(e), 1402(b) and 1346).

26 |     8.    Plaintiff's claims under 18 U.S.C. §§2671-2680 (Federal Tort Claims Act)
27 | were timely filed on January 24, 2020.  Since that time, Plaintiff and the United States
28 | engaged in dialogue regarding this administrative claim as Plaintiff's injuries and care

needs developed ultimately requiring surgical intervention.  On January 11, 2022 (and then for reasons not entirely clear again on June 24, 2022) the United States denied Mr. Warda's administrative claim.  Accordingly, this suit has been timely filed.

### III.    First Cause of Action

**Federal Tort Claims Act Claim Against Defendant United States for Negligence**

9.      Plaintiff re-asserts and re-alleges each and every allegation contained in the preceding paragraphs.

10.     Mr. Martinez, as an employee for the United States operating within the course and scope of his employment, owed a duty to fellow motorists on the public roadways to use reasonable care when operating his government-issued vehicle.

11.     When Mr. Martinez stopped his vehicle behind Mr. Warda's motorcycle Mr. Martinez was required to maintain adequate distance between his vehicle and other users of the roadway.  Mr. Martinez violated, at a minimum, California Vehicle Code §21703 when he followed too closely and rammed his vehicle into the back of Mr. Warda's motorcycle causing injury to Mr. Warda's person and property. Mr. Martinez breached his duty of reasonable care by failing to pay attention to the roadway in front of him and accelerated from the green light directly into the rear of Mr. Warda's motorcycle.

12.     The United States by and through the acts and omissions of its employee, Mr. Martinez, is vicariously liable for his negligence.  As a direct and proximate cause of the United States' negligence, by and through the negligence of its employee, Mr. Warda suffered injuries to his person and property.  Since the time of the subject collision Mr. Warda suffered from disabling and debilitating pain that prevented him from continuing his gainful employment in the auto transport business.  Further, Mr. Warda's injuries, caused by the United States' negligence, resulted in the need for past and future medical services, including but not limited to physical therapy, pain management injections and ultimately resulting in lumbar surgery in July 2021.  Mr. Warda's past medical expenses to-date exceed $150,000.

13. As a further direct and proximate cause of the United State's negligence, Mr. Warda has suffered and will continue to suffer pain, suffering, disability, inconvenience and loss of enjoyment of life all to his general damage. He has similarly suffered loss of earning capacity secondary to the injuries caused by the United States negligence.

### IV. Relief Requested

14. For general damages in an amount according to proof.

15. For compensatory damages, including but not limited to past and future medical expenses and loss of earning capacity, in an amount according to proof.

16. For all such other and further relief that this Court may need proper.

Dated: July 6, 2022                    SINGLETON SCHREIBER, LLP

By:   */s/ Brett J. Schreiber*
      BRETT J. SCHREIBER, ESQ.
      Attorneys for Plaintiff Danny Ward